**Christina PARDUE, as next friend and next of kin of William Joe CHRISTIAN, deceased, Plaintiff–Appellant,**

**v.**

**Terry ASHE, in his official capacity, Defendant–Appellee,**

Lebanon City Police Department; Scott Greenwood; City of Lebanon, Defendants.

No. 01–5783.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.*

Christina Pardue, next friend and next of kin of William Joe Christian, deceased, appeals the district court order granting summary judgment to the defendant in this civil rights action brought under 42 U.S.C. § 1983. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Pardue sued the City of Lebanon, Tennessee; Wilson County, Tennessee Sheriff Terry Ashe; the Lebanon Police Department; and Lebanon Police Officer Scott Greenwood. Pardue, Christian's daughter, alleged that the defendants used excessive force against Christian and failed to recognize his suicidal tendencies. Christian committed suicide in the Wilson County Criminal Justice Complex in September 1998 while being held on a charge of domestic assault. Pardue moved to voluntarily dismiss her claims against the City of Lebanon, the Lebanon Police Department, and Scott Greenwood. She sued Ashe in his official capacity only. After a period of discovery, Ashe moved for summary judgment. The district court granted the defendant's motion.

In her timely appeal, Pardue argues that: (1) she presented sufficient evidence to demonstrate violation of a custom or policy by the defendant; and (2) she pre-

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

sented a strong likelihood that Christian would commit suicide.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Ashe. According to Pardue's complaint, Christian brought his wife to the Lebanon Police Department because of a drug problem on September 27, 1998. A Lebanon police officer noticed that the woman's arm was bruised and arrested Christian on charges of domestic violence. Christian was placed in the Wilson County Criminal Justice Complex, which is administered by the Wilson County Sheriff's office. The next day, a jailer discovered Christian hanging by his neck. Efforts to resuscitate him were unsuccessful. Ashe testified in deposition that the jail usually identified prisoners as suicide risks based upon the circumstances of their arrest. Such prisoners are issued paper gowns and placed in a glass cell for ease of observation. Christian's intake form reflects that he told a jail employee that he was taking Valium for nerve problems. His response to a question about suicide was that "he felt he could become suicidal but was not at this time." Christian was not identified as suicidal, and was placed in a regular holding cell near the intake desk. Although other prisoners had attempted suicide, Christian was the first prisoner to commit suicide in the county's facility.

Ashe was entitled to a judgment as a matter of law. Because Pardue sued Sheriff Ashe in his official capacity, her claims are deemed to be brought against Wilson County, the governmental entity that employs Ashe. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 68–69, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). To hold Wilson County liable under 42 U.S.C. § 1983, Pardue must show both the deprivation of a constitutional right and that Wilson County is responsible for that violation. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). First, Christian did not have a constitutional right to be screened correctly for suicidal tendencies. *See Horn v. Madison County Fiscal Court,* 22 F.3d 653, 661 (6th Cir. 1994). Second, he did not show a strong likelihood that he was going to attempt suicide such that failure to take precautions amounted to deliberate indifference to his serious medical needs. *See Barber v. City of Salem, Ohio,* 953 F.2d 232, 239–40 (6th Cir.1992). Third, Pardue produced no evidence that Wilson County had a policy or custom of deliberate indifference to pre-trial detainees in Christian's position. *See Collins,* 503 U.S. at 122, 112 S.Ct. 1061. This single incident is not sufficient to impose liability on Wilson County because it does not establish a pattern of unconstitutional conduct. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Because Pardue failed to present proof of the deprivation of a constitutional right or that Wilson County was responsible for a violation, she has no claim. *See Collins,* 503 U.S. at 120, 112 S.Ct. 1061.

For the foregoing reasons, we affirm the district court's order.